## LIZENA LIGHT *vs.* E. A. STROUT COMPANY.

Lincoln County. Decided July 14, 1911. The rescript is as follows: "The plaintiff, in June, 1904, listed her farm in defendant's agency for $500. On December 13, 1904, the plaintiff signed another contract with the defendant in terms reducing the amount which she was to receive to $400, and allowing the defendant to retain as commission all he might receive in excess of that amount. Subsequently the defendant sold the property for $700, and notified the plaintiff that it had been sold, but did not state at what price. The plaintiff executed a deed to the purchaser and received her

four hundred dollars. Later, on learning that the purchase price was $700, and that the defendant had retained $300 as commission instead of $100, she brought this action to recover the additional $200. The jury found in the plaintiff's favor, and the defendant asks to have the verdict set aside as against the evidence.

"The issue was one of fact and was sharply drawn. The defendant relied upon the written contract bearing the plaintiff's signature allowing him as commission all in excess of $400. The plaintiff asserted that she never herself read the contract, but relied upon the defendant's agent as to its contents; and she understood that, while the listing price was reduced to four hundred dollars, the defendant was to receive as commission only one hundred dollars, whatever the sum realized. It was incumbent upon the plaintiff, attacking as she did an instrument bearing her signature, to maintain her position by clear and convincing proof. The jury have found that she did, and a careful study of the evidence does not induce us to disturb the verdict as manifestly wrong. The language of the contract itself is somewhat misleading, for while it states "I will pay to you or your order forthwith a commission of all you get in excess of $400, clear to me," it adds these unnecessary and possibly misleading words: "and it is mutually agreed that this property in no event shall be sold to your customer for less than $100 in excess of above price." A woman like the plaintiff, unintelligent and unaccustomed to business, might still have thought that this $100 dollars was to be the defendant's commission.

"The conduct of defendant's agent when the deed was made, in apparently endeavoring to keep from her the knowledge of the purchase price, and when asked by her the direct question of how much he got for the place, his reply 'I have got $400 clear to you, just as your contract calls for,' may properly have influenced the jury in coming to their conclusion. Taking the case in its entirety, the evidence, the situation of the parties, the surroundings and the subsequent conduct, we are not convinced that the plaintiff did not maintain her burden of proof, heavy as it was. Motion overruled."
*Lindley Murray Staples*, for plaintiff. *Williamson & Burleigh*, for defendant.